UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL W.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. 2:23-cv-00043-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 8, 15, 16.

After considering and reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

## I.     PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* Administrative Record ("AR") 84, 98. Plaintiff's requested hearing was held before the ALJ on August 10, 2021. AR 47-83. On February 7, 2022, the ALJ issued a written decision in which the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 13-34.

On December 1, 2022, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1. On January 9, 2023, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 1. Defendant filed the sealed AR regarding this matter on March 13, 2023. Dkt. 6.

## II.     BACKGROUND

Plaintiff was born in 1981 and was 34 years old on the alleged date of disability onset of August 1, 2015. AR 16, 270. Plaintiff has a college education. AR 1007. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of a left shoulder strain; major depressive disorder; generalized anxiety disorder; post-traumatic stress disorder; alcohol use disorder; and cannabis abuse. AR 18. However, the ALJ found Plaintiff was not disabled because he had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) except he should not climb ladders, ropes, or scaffolds; the claimant can occasionally reach overhead; he should avoid exposure to unprotected heights and excessive vibration; the claimant can perform simple, routine tasks, and make simple, work-related decisions; and he can have occasional interactions with the general public, co-workers, and supervisors, but cannot perform tandem tasks with co-workers.

AR 21.

|   |   |
|---|---|
| 1 | **III. DISCUSSION** |
| 2 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 3 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 4 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 5 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 6 | In Plaintiff's Opening Brief, Plaintiff raises a single issue: whether the ALJ properly |
| 7 | evaluated the medical opinion of Shawn Kenderdine. Dkt. 8 at 1. |
| 8 | For applications filed on or after March 27, 2017, the Administration has directed ALJs |
| 9 | to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c). |
| 10 | Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their |
| 11 | "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a). |
| 12 | The Ninth Circuit has concluded that the "revised social security regulations are clearly |
| 13 | irreconcilable with [its] caselaw according special deference to the opinions of treating and |
| 14 | examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32 |
| 15 | F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's |
| 16 | decision, including the decision to discredit any medical opinion, must simply be supported by |
| 17 | substantial evidence." *Id.* at 787. |
| 18 | Dr. Kenderdine completed a psychological evaluation of Plaintiff on August 2, 2018, on |
| 19 | behalf of the Washington State Department of Social and Health Services. *See* AR 460-465. He |
| 20 | observed that Plaintiff exhibited normal speech, was polite and cooperative with normal thought |
| 21 | process and content, orientation, perception, memory, and insight, but had an anxious and |
| 22 | dysphoric mood and affect, a poor fund of knowledge, and struggled with abstract thought. AR |
| 23 | 462-63. Dr. Kenderdine concluded that Plaintiff had marked limitations on his ability to |
| 24 |   |

understand, remember, and persist in tasks by following detailed instructions and to make simple work-related decisions, as well as moderate limitations in four other areas and an overall moderate level of impairment. AR 461-62.

The ALJ found that Dr. Kenderdine's conclusions were generally supported but rejected the marked limitation on Plaintiff's ability to make simple work-related decisions. AR 25. The ALJ found that Plaintiff's "assertion of his own abilities" conflicted with such a limitation. *Id.* This was not error. In this same appointment, Dr. Kenderdine noted that Plaintiff was cognitively capable of performing his daily tasks with opportunity, including driving a car, using public transportation, cooking, and helping his girlfriend care for her children. AR 461. In his function report, Plaintiff wrote that he cleans his home, does his laundry, maintains his own hygiene, prepares meals daily, shops for groceries two to three times each week, and handles small repairs in his home or on his car. AR 293-300. The ALJ also noted that Plaintiff completed a hazardous materials training program in 2019. AR 24.

Where, as here, a claimant reports everyday activities "that are transferable to a work setting," the ALJ may discount evidence of disability. *Schiaffino v. Saul*, 799 F. App'x 473, 476 (9th Cir. 2020) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012)). The ALJ here reasonably found that "some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." AR 25.

Plaintiff argues that the ALJ erred by not citing this evidence when discussing Dr. Kenderdine's opinion, and that the Court may not affirm the ALJ on a ground upon which he did not rely. Dkt. 8 at 2, Dkt. 16 at 2 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). This is both an incorrect reading of the case law and of the ALJ's opinion. The Court may

certainly consider evidence supporting the ALJ's ruling which the ALJ did not explicitly mention. The Court need not do so here, however, because the ALJ himself cited this evidence only one page before using it to discredit Dr. Kenderdine's opinion. AR 24-25. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (courts should consider "the ALJ's full explanation," including "*all* the pages of the ALJ's decision") (emphasis in original). The ALJ concluded that a marked limitation on simple work-related decisions conflicted with activities the ALJ cited earlier in his decision, which included both simple tasks (shopping, making meals) and complex tasks (childcare, hazmat training). AR 24-25. This Court affirms.

Lastly, although the ALJ provided other reasons to discount Plaintiff's testimony, the Court need not consider whether these remaining reasons contained error, as the ALJ gave a proper reason to discount Plaintiff's testimony and the "*ultimate credibility determination* [is] adequately supported by substantial evidence[.]" *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (emphasis in original) (citation omitted) (concluding "the ALJ's decision finding [the claimant] less than fully credible is valid" despite some errors because the ALJ gave legally sufficient reasons to reject Plaintiff's testimony).

## IV.     CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** to pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 21st day of August, 2023

Grady J. Leupold
United States Magistrate Judge